# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **Markel Behel** ) | **Case No.: 18-81697-CRJ12** |
| **Melanie Behel** ) | |
| d/b/a Behel Farms ) | |
|     **Debtors** ) | **Chapter 12** |
| ) | |
| **Wayne County Bank** ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | **A.P. No.:** |
| ) | |
| **Markel Behel and** ) | |
| **Melanie Behel** ) | |
| ) | |
|     **Defendants** ) | |

## COMPLAINT TO RENDER DEBT NON-DISCHARGEABLE AND FOR OTHER RELIEF

COMES NOW Wayne County Bank (hereinafter "Plaintiff"), by and through counsel, and brings this cause of action against Markel Behel and Melanie Behel (hereinafter "Defendants") to have a debt owed by Defendant to Plaintiff rendered non-dischargeable, and for such other and further relief, and alleges as follows:

### Jurisdiction and Venue

1. This adversary proceeding is brought pursuant to Federal Rules of Bankruptcy Procedure, Rules 7001, *et. seq.*, 11 U.S.C. § 523(a)(6).

2. Jurisdiction and venue are proper under 28 U.S.C. §§ 157(a) and 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

4. Defendants are adult residents of the state of Alabama. Defendants filed a bankruptcy petition on June 8, 2018.

5. Plaintiff is a pre-petition creditor of Defendant.

**Factual Summary**

6. Plaintiff incorporates herein the allegations and averments of paragraphs 1 through 5 with the same force and effect as if fully set forth therein.

7. On or about August 12, 2010, Defendants, Markel Behel and Melanie Behel, executed a *Multipurpose Note and Security Agreement* (hereinafter "*08/12/10 Note*") whereby Defendants agreed to pay Plaintiff $158,261.85, plus interest accruing at 6.5% per annum, for a loan made by Plaintiff to Defendants (Acct. No. xxxxx8542).

8. As security for the *08/12/10 Note*, Defendants pledged to Plaintiff various items of real and personal property, including but not limited to, the following:

"All debtor's equipment, whether now owned or hereafter acquired, including any and all accessories, attachments, parts and replacements thereto. John Deere 6320 Tractor Serial # L06320H462901, 1 Bush Hog Serial #2415, 1988 John Deere 7000 4-rollmaxie [sic] merge planter, 2001 Gooseneck Stock Trailer vin# 16GS316241B055437, 2008 New Holland TN60 4x4 tractor Serial #HJEO96168, Case Dozer 550G Serial # 91499316, 1 new vermeer [sic.} hay w/baler [sic.] ramp & monitor #103 and 1 new vermeer [sic.] WR-20 rake #10953, 2004 John Deere 750 no till drill 16-ft. All livestock of every kind including and description including but not limited to beef and dairy cattle, branded or unbranded, plus any increase therefrom, and including steers and bulls new owned by debtor. All accessions, additions, replacements, payments for participation in any state or federal farm programs and substitutions(including rights under Commodity Credit Corporation programs, FSA, payment

in kind, or any other general intangibles or programs); all records of any kind relating to any of the foregoing; all proceeds(including insurance, general intangibles, rents and accounts proceeds). Inclusion of proceeds does not authorize debtor to sell or otherwise dispose of collateral."

9. Plaintiff properly perfected its security interest in the collateral set forth in the preceding paragraph by filing and renewing *UCC Financing Statements* with the State of Alabama.

10. On or about August 12, 2016, Defendants modified the *08/12/10 Note* pursuant to a Debt Modification Agreement (hereinafter "*08/12/16 Modification*") to extend the maturity date and to modify the payment schedule.

11. According to the terms of the *08/12/16 Modification* all terms of the *08/12/10 Note* not modified remained in effect, including, but not limited to the type of security for the loan.

12. On or about March 6, 2012, Defendant, Markel Behel, executed a *Promissory Note and Security Agreement* (hereinafter "*03/06/12 Note*") whereby Defendant, Markel Behel, agreed to pay Plaintiff $28,740.00, plus interest accruing at 10.0% per annum, for a loan made by Plaintiff to Defendant, Markel Behel (Acct. No. xxxxx6367).

13. As security for the *03/06/12 Note*, Defendant, Markel Behel, pledged to Plaintiff the following:

"(1) Equipment. All equipment including, but not limited to, all machinery, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and recordkeeping equipment, and parts and tools. All equipment described in a list or schedule which I give will also be included in the Property, but such a list is not necessary for a valid security interest in my equipment.

(2) Farm Products. All farm products including, but not limited to, all poultry and livestock

and their young, along with their products, produce and replacements; all crops, annual or perennial, and all products of the crops; and all feed, seed, fertilizer, medicines, and other supplies used or produced in my farming operations. Where required, the livestock will be properly tagged or branded.

(3) Specific Property. 1989 John Deere 2550 2WD Tractor Ser#42335C   30 Head of Cows and 1 Black Key Bull to be located on Hwy 101 Lexington, AL".

14. Plaintiff properly perfected its security interest in the collateral set forth in the preceding paragraph by filing and renewing *UCC Financing Statements* with the State of Alabama.

15. At the time of the filing of their bankruptcy petition, Defendants were indebted to Plaintiff in the sum of $165,875.57 under the *08/12/10 Note* and *08/12/16 Modification*.

16. At the time of the filing of his bankruptcy petition, Defendant, Markel Behel was indebted to Plaintiff in the sum of $32,934.23 under the *03/06/12 Note*.

17. Under the *08/12/10 Note* and *08/12/16 Modification*, Defendants agreed to the repayment of any costs and reasonable attorney's fees incurred by Plaintiff in protecting its security interest.

18. Under the *03/06/12 Note*, Defendant, Markel Behel, agreed to the repayment of any costs and reasonable attorney's fees incurred by Plaintiff in protecting its security interest.

19. According to their testimony at the §341 meeting of creditors held July 11, 2018, Defendants, whether one or both, sold various items of collateral securing both the *08/12/10 Note* and *08/12/16 Modification* and the *03/06/12 Note*, including, but not limited to the following:

One 1989 John Deere 2550 2WD tractor, Serial No.: 42335C;

One 2008 New Holland TN60 4x4 tractor, Serial No.: HJEO96168;

One Case bulldozer 550G, Serial No.: 91499316;

One bush hog, Serial No.: 2415;

One 1988 John Deere 7000 4-roll maxie merge planter;

One 2001 Gooseneck Stock Trailer, VIN: 16GS316241B055437;

One John Deer Gator; and

Several head of cattle and one bull.

20. Upon information and belief, Defendants, whether one or both, failed to remit the proceeds from the sale of the various items of collateral listed in the preceding paragraph, despite Defendants' knowledge of Plaintiff's security interest in said collateral.

21. On June 8, 2018, Defendants filed a petition in this Court for relief under Chapter 12 of the Bankruptcy Code.

22. The replacement value of the collateral that Defendants sold, or otherwise disposed of, is unknown at this time.

### Count I – § 523(a)(6)

23. Plaintiff incorporates herein the allegations and averments of paragraphs 1 through 22 with the same force and effect as if fully set forth therein.

24. Defendants transferred, sold, concealed, altered or destroyed various items of collateral pledged as security under both the *08/12/10 Note* and *08/12/16 Modification* and the *03/06/12 Note* without Plaintiff's authorization or knowledge and knowingly failed or refused to remit the proceeds from the sale to Plaintiff. Defendants thereby exercised dominion and control over said collateral and willfully and maliciously converted it for their own use.

25. Defendant, by and through their actions, have caused willful and malicious injury to Plaintiff and Plaintiff's interest in the collateral pledged as security under both the *08/12/10 Note* and *08/12/16 Modification* and the *03/06/12* .

26. Because the *08/12/10 Note* and *08/12/16 Modification* and the *03/06/12 Note* provides

that Defendants are responsible for any costs and reasonable attorney's fees incurred by Plaintiff in protecting its security interest, Plaintiff is entitled to costs and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, premises considered, Plaintiff respectfully requests this Court to render a judgment in its favor against Defendants in an amount not to exceed $198,810.00. Plaintiff prays that this Court will determine and hold that the debt and judgment are non-dischargeable and excepted from any discharge Defendants may receive. Plaintiff also requests such other, further and different relief as the Court may deem just and proper, including the assessment of court costs and reasonable attorney fees against Defendants.

Respectfully submitted this 21st day of September, 2018.

      /s/ Rowlett W. Sneed, III
ROWLETT W. SNEED, III
Attorney for Plaintiff,
Southern Lease Mgmt. Group, LLC

OF COUNSEL:
Morton & Associates
102 S. Court Street, Suite 317
Florence, AL 35630
(256) 764-8595 Phone
(256) 764-7135 Fax